UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **WANDA STEWART** | **CIVIL ACTION NO. 16-cv-1710** |
| **VERSES** | **JUDGE MINALDI** |
| **SEARS ROEBUCK & CO.** | **MAGISTRATE KAY** |

**MEMORANDUM ORDER**

Before the court is a complaint filed *in forma pauperis* by *pro se* plaintiff Wanda Stewart. As best construed by this court, plaintiff's complaint alleges workplace retaliation, hostile work environment, and harassment.  Doc.1.

By Order issued on December 15, 2016 plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915.  Doc. 3.  This statute imposes a screening responsibility on the court to dismiss the complaint without service of process when the court makes a determination that the complaint is frivolous, fails to state a claim, or seeks monetary relief against someone immune from such relief.  Further, under Federal Rules of Civil Procedure 12(h)(3) "if the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Consequently, this court will conduct a preliminary review of the complaint before it orders service on defendant.

**I.**
**SUMMARY OF THE COMPLAINT**

Plaintiff's complaint is filed on a form[1] entitled "Complaint for Violation of Civil Rights (Non-Prisoner Complaint)."  This form is available in order to assist individuals who wish to file

---

[1] The form used is available on this Court's website, www.lawd.uscourts.gov.

a complaint under 42 U.S.C. § 1983 for actions which allege 1) a violation of a right secured by the Constitution or laws of the United States; and (2) show that the alleged deprivaton was committed by a person acting under color of state law. *Whitley v. Hanna,* 726 F.3d 631, 638 (5th Cir.2013).

Here, in the section of the form entitled "Basis for Jurisdiction," plaintiff does not allege that she is bringing her suit under 42 U.S.C. § 1983. Instead she alleges that she experienced "systematic misappropriation" of her pay and was "harassed, threaten [sic] and intimidated by Sears management and employees in retaliation" for "reporting the truth of work-place misappropriation." Doc. 1, p. 4. In her prayer for relief plaintiff requests monetary damages for her alleged financial hardship, unnecessary and unwanted stress, mental anguish, and hostile work environment. *Id.* at p. 5. Plaintiff fails to set forth any basis for federal court jurisdiction in her complaint.

## II.
### LAW AND ANALYSIS

Plaintiff should be aware that "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994) (citations omitted). Further, Federal Rule of Civil Procedure Rule 8(a)(1) provides that a party filing a complaint must state "a short and plain statement of the grounds for the court's jurisdiction."

The two most common methods of invoking federal subject matter jurisdiction are federal question and diversity. 28 U.S.C. §§ 1331 & 1332. For diversity jurisdiction to exist, the parties to the action must be citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Plaintiff's allegations do not establish the parties' citizenship and/or diversity. Accordingly, diversity jurisdiction is lacking.

-3-

"[F]ederal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 474, 118 S.Ct. 921, 925 (1998) (citations omitted).

While *pro se* complaints are generally held to less stringent standards, *pro se* litigants must follow the same procedural rules as other litigants and the court may not assume role of advocate for a *pro se* litigant. *See generally Fed. Express Corp. v. Holowecki,* 552 U.S. 389, 402 (2008). Therefore, in order to more fully understand the basis for plaintiff's complaint, plaintiff should amend her complaint to set forth the basis for this court's jurisdiction. *See Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994)(The district court abused its discretion by dismissing a *pro se* complaint without allowing the opportunity to amend.)

### III.
#### CONCLUSION

For the reasons stated,

**IT IS ORDERED** that plaintiff, within twenty (20) days of this order file an amended complaint which sets forth the basis for this court's subject matter jurisdiction. Failure to comply with this Order could result in dismissal of the complaint in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

THUS DONE AND SIGNED in Chambers this 19th day of January, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE